**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

DINO WAYNE KYZAR,

  Petitioner - Appellant,

  v.

CHARLES L. RYAN and STATE OF
ARIZONA ATTORNEY GENERAL,

  Respondents - Appellees.

---

No. 08-15794

D.C. No. 2:06-CV-02015-SRB

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted November 1, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge,[**] ALARCÓN and RYMER, Circuit Judges.

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    Chief Judge Kozinski was drawn to replace Judge Trager, who died
on January 5, 2011.  He has read the briefs, reviewed the record, and listened to the
tape of oral argument.

Dino Wayne Kyzar appeals the district court's denial of his petition for writ of habeas corpus.

## I

The severance determination by the Arizona Court of Appeals was not contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d); *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Long's testimony was not "essential exculpatory evidence." Nor was Kyzar convicted on the basis of "rub off" evidence; most of the evidence was common to both defendants, and even if it were proper to consider the post-trial juror interview, the interview does not show the jury was unable to consider the evidence against each defendant separately. In fact, the jury acquitted Kyzar on two counts. Neither the state's requirement that Kyzar share peremptory challenges with Long, nor the empaneling of a death-qualified jury, violated any clearly established right to a fair trial. *See Stilson v. United States*, 250 U.S. 583, 585-86 (1919); *see also Buchanan v. Kentucky*, 483 U.S. 402, 420 (1987). Finally, the trial court's admission of autopsy photographs was not unreasonable because they were relevant to establish Kyzar's role in the conspiracy and its objective. Thus, clearly established rights were not offended by the state court's determination, singly, or overall.

## II

The trial transcript was lodged in this court, and we prefer in this case for the district court in the first instance to review portions relevant to Kyzar's insufficiency of the evidence claim. For this limited purpose, we vacate the judgment and remand. The panel will retain jurisdiction over an appeal, if any, from the order on remand.

## III

Because Kyzar has not made a "substantial showing of the denial of a constitutional right" on the remaining issues, we decline to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

AFFIRMED IN PART; VACATED AND REMANDED IN PART. The parties shall bear their own costs.